**WEIXIONG ZHU, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 04–76406.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Dec. 21, 2007.

William K. Kiang, Esq., Kiang & Kiang, San Gabriel, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anne Gannon, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, Carol Federighi, Esq., Anh–Thu P. Mai, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Michael B. Mukasey is substituted for Peter D. Keisler as respondent.

Before: BOWMAN,** BRUNETTI, and BYBEE, Circuit Judges.

### MEMORANDUM ***

Weixiong Zhu, a native and citizen of the People's Republic of China, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his application for asylum and withholding of removal. Zhu sought asylum on the ground that the Chinese government forced his wife to abort a pregnancy that violated China's one-child policy. The immigration judge (IJ) denied Zhu's application because the IJ determined that Zhu "failed to present a credible account of persecution." Administrative R. at 44. The BIA summarily affirmed the IJ's decision.

We grant the petition for review. The IJ's conclusion that Zhu was not credible was based on speculation and conjecture, not on substantial evidence in the record. *See Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006). The non-speculative reasons given by the IJ for not believing Zhu were based on inconsistencies in Zhu's claim that he experienced political persecution in China. Those inconsistencies, however, did not go to the heart of Zhu's alternative claim that his wife had suffered a forced abortion. *See id.*

On the record before the BIA, Zhu is statutorily eligible for asylum. *See* 8 U.S.C. § 1101(a)(42)(B). Husbands of women who have been forced to undergo an abortion are deemed to have suffered past persecution and are "automatically eligible for asylum." *Wenda Ge v. Ashcroft,* 367 F.3d 1121, 1127 (9th Cir.2004). On this same basis, Zhu is entitled to withholding of removal without further showing. *See Zi Zhi Tang v. Gonzales,* 489 F.3d 987, 992 (9th Cir.2007). We therefore remand, in part, for the Attorney General to exercise discretion in deciding whether to grant Zhu asylum, *see Wang He v. Ashcroft,* 328 F.3d 593, 604 (9th Cir.2003), and we grant Zhu withholding of removal as a matter of law, *see Zi Zhi Tang,* 489 F.3d at 992.

Petition for review GRANTED. Withholding of removal GRANTED. Asylum claim REMANDED.

---

** The Honorable Pasco M. Bowman, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

